**The CUSTOMER COMPANY,
et al., Plaintiffs,**

v.

**E-COMMERCE TODAY, LTD.,
etc., Defendant.**

**No. 2:00CV00054.**

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

June 14, 2000.

Kenneth Callaway King, Jr., King & Higgs, P.C., Roanoke, VA, Dirk B. Foster, Townsend & Townsend & Crew, LLP., San Francisco, CA, for Plaintiffs.

Carl E. McAfee, McAfee Law Firm, P.C., Norton, VA, for Defendant.

## OPINION

JONES, District Judge.

In this trademark infringement case, I grant summary judgment to the defendant.

### I

The plaintiffs, The Customer Company and Cigarettes Cheaper!, both California corporations, brought this action against E–Commerce Today, Ltd., a Virginia corporation headquartered in Norton, Virginia, seeking damages and injunctive relief for federal trademark infringement, 15 U.S.C.A. § 1114 (West 1997 & Supp.2000), and false designation of origin, 15 U.S.C.A. § 1125(a) (West 1998 & Supp.2000). Jurisdiction of this court exists pursuant to 28 U.S.C.A. § 1338(a) (West Supp.2000).

The claimed marks are the service marks CHEAPER! (owned by The Customer Company) and CIGARETTES CHEAPER! (belonging to Cigarettes Cheaper!), both marks having been granted registration on the supplemental register maintained by the United States Patent and Trademark Office. The plaintiffs contend that the defendant has infringed their marks by using the name and mark SUPERCHEAPCIGARETTES.

The defendant answered the suit, admitting the plaintiffs' marks and its use of the name and mark alleged, but denying that such use constituted infringement or false designation of origin. In addition, the defendant counterclaimed for compensatory and punitive damages on the ground that the plaintiffs' suit was frivolous and constituted harassment.

Both sides then moved for summary judgment, which motions have been briefed and orally argued, and are ripe for decision.

### II

The summary judgment record consists only of the pleadings and certain limited information that has been submitted or agreed to by the parties. Nevertheless, the parties represented to the court at oral argument that there is no further relevant evidence on the issues presented and that they are agreed that there is no genuine issue of material fact necessary that would bar summary judgment against either side.[1]

The plaintiffs sell tobacco products. Although headquartered in California, the plaintiff Cigarettes Cheaper! also operates retail tobacco stores bearing its mark CIGARETTES CHEAPER! in places in Kentucky and North Carolina. The defendant sells tobacco products from Norton, Virginia, by use of the Internet and utilizes the URL[2] of www.supercheapcigarettes.com. On February 1, 2000, counsel for the plaintiffs wrote to the defendant, advising of the plaintiffs' marks and requesting that the defendant discontinue the use of SUPERCHEAPCIGARETTES. The president of the defendant responded by letter of February 8, 2000, denying infringement and threatening a countersuit. This action followed.

On April 21, 2000, after the institution of this case, the Patent and Trademark Office gave notice that on May 23, 2000, it would publish official notice of its intent to register the mark CIGARETTES CHEAPER! on the principal register, if no timely opposition is filed.

---

1. The plaintiffs' brief appears to contend that there are disputed issues of fact for resolution (Pl.'s Reply at 2, 3), but counsel for the plaintiffs expressly disclaimed that at oral argument. There has been no discovery in the case, but counsel represented to the court that there is no other evidence not presently in the record that the plaintiffs wished to present to prove their case.

2. Uniform Resource Locator. A URL is a specific address on the World Wide Web. *See Shea v. Reno,* 930 F.Supp. 916, 929 (S.D.N.Y. 1996), *aff'd,* 521 U.S. 1113, 117 S.Ct. 2501, 138 L.Ed.2d 1006 (1997).

## III

Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see* Fed.R.Civ.P. 56(c). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ The single question for the court on this sparse record is whether there is a likelihood of confusion or mistake between the plaintiffs' marks and the defendant's Internet site name. *See* 15 U.S.C.A. § 1114(1), 1125(a)(1)(A). Various factors are used by the courts to determine such an issue, although not all of the factors will be present or of equal weight in every case. *See Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1527 (4th Cir.1984). These factors include the strength or distinctiveness of the marks, the similarity of the competing marks, the similarity of the goods or services, the similarity of facilities used in the businesses, the similarity of advertising, the defendant's intent, any actual confusion, the quality of the defendant's product, and the sophistication of the consuming public. *See Sara Lee Corp. v. Kayser–Roth Corp.*, 81 F.3d 455, 463–64 (4th Cir.1996).

■ In determining the strength or distinctiveness of the marks, a subsidiary question is whether the marks are, in ascending order of strength and distinctiveness, generic, descriptive, suggestive, or arbitrary or fanciful. *See id.* at 464. A "merely descriptive" mark is "weak" un-

less through use, "secondary meaning" has attached to it. *See Pizzeria Uno Corp.*, 747 F.2d at 1527. The Patent and Trademark Office may not grant registration on the principal register of descriptive marks that have not acquired secondary meaning. *See id.* at 1528–29.

■ The plaintiffs have submitted no evidence in the record of any actual confusion between the marks, the defendant's intent, advertising by the parties, the quality of the defendant's product, or the sophistication of the consuming public. The marks used by the plaintiffs appear descriptive, and there is no evidence that secondary meaning has attached to them. While one of the marks, CIGARETTES CHEAPER!, may ultimately be accepted on the principal register, that has not yet occurred, and no presumption can thus be raised.[3]

All of the marks are used to sell cigarettes, but the plaintiffs use retail stores to accomplish this end and the defendant sells solely over the Internet. While it may be reasonable to assume that many consumers who purchase cigarettes from a store might also use the Internet, no evidence to that effect has been submitted and I cannot accept that proposition without evidence.[4]

In oral argument, counsel for the plaintiffs urged that it is the similarity to the ear between CIGARETTESCHEAPER! and SUPERCHEAPCIGARETTES that is likely to cause confusion. That argument, even if plausible, is undercut by the fact that the defendant's sole use of its name (at least on this record) is to allow Internet access to its selling site, a use by which oral confusion is minimized. In other words, the circumstances are different than when competing products sold over

---

3. It is the issuance of a certificate of registration on the principal register that provides the prima facie evidence. *See* 15 U.S.C.A. § 1057(b) (West).

4. The plaintiffs emphasize that the defendant has a fixed location in Norton, Virginia, but it is clear that a consumer receiving the product

by mail or package delivery after having placed an order online is conducting business in a very different way than the consumer who receives the product over the counter. Were this not true, the current successes of "e-commerce" and the resulting "dot-com" phenomena would not have occurred.

the counter sound alike. *See La Maur, Inc. v. Revlon, Inc.,* 245 F.Supp. 839, 842 (D.Minn.1965) ("Any similarity in pronunciation, that is, that the marks are sound-alikes, is, however, minimized when, as here, the product is often purchased in a self-service cosmetics department and not by request to a salesclerk.").

Under these circumstances, I find that the plaintiffs are not able to prove infringement of their marks by the defendant, or any false designation of origin, and thus I will grant the defendant's motion for summary judgment.

## IV

The defendant also seeks, in its counterclaim, attorneys' fees against the plaintiffs for bringing the present action. The plaintiffs have moved for summary judgment as to the counterclaim.

A prevailing party in a trademark case may be awarded reasonable attorneys' fees "in exceptional cases." 15 U.S.C.A. § 1117(a) (West Supp.2000); *see Scotch Whisky Ass'n v. Majestic Distilling Co.,* 958 F.2d 594, 599–600 (4th Cir.1992). While this may or may not require a prevailing defendant to prove bad faith on the part of the plaintiff, *see Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 525 n. 12, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994), I find that the plaintiffs' action here, while unsuccessful, was not unfounded, and thus this is not an exceptional case justifying an award of attorneys' fees.

A final judgment in accord with this opinion will be entered.